STATE OF NORTH CAROLINA v. JAMES EDWARD COOPER

No. 804SC832

(Filed 17 March 1981)

**Criminal Law § 142.4– invalid condition of probation violated – activation of suspended sentence improper**

Where defendant was convicted of felonious possession of stolen credit cards and placed on probation for a period of three years, one of the conditions of his probation being that he not operate a motor vehicle on the streets or highways of N.C. from 12:01 a.m. until 5:30 a.m. during the period of probation, the trial court erred in revoking probation and activating his suspended sentence, since the condition of probation allegedly breached by defendant was not one reasonably related to the offense committed, and the failure of defendant to object at the time the condition was imposed in no way constituted a waiver of his right to object to the condition at a later time. G.S. 15A-1342(g).

Judge VAUGHN dissenting.

APPEAL by defendant from *Stevens, Judge*. Order entered 21 April 1980 in Superior Court, ONSLOW County. Heard in the Court of Appeals 29 January 1981.

On 18 December 1979, defendant pleaded guilty to fourteen counts of felonious possession of stolen credit cards. He was given a suspended sentence of not less than two nor more than three years and placed on probation for a period of three years. One of the conditions of his probation was that he "not operate a motor vehicle on the streets or highways of North Carolina from 12:01 a.m. until 5:30 a.m. during the period of probation." On 21 April 1980, defendant's probation was revoked pursuant to G.S. 15A-1345. Revocation was based on the testimony of two Jacksonville patrolmen who testified that they saw the defendant operating a motor vehicle between the hours of 12:01 a.m. and 5:30 a.m. on the 22nd and 29th days of December 1979 in violation of the terms of his probation.

The defendant denied the allegations and presented evidence that on 22 December 1979, the car he was allegedly driv-

ing was actually being used in South Carolina by a friend, Brenda Duncan. Additionally, he presented evidence that he was in the car on 29 December 1979 during the prohibited driving time, but that the car was being driven by someone else.

Upon revocation of his probation, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General David Roy Blackwell, for the State.*

*Bailey, Raynor & Erwin, by Edward G. Bailey, for defendant appellant.*

BECTON, Judge.

Defendant makes two related assignments of error which will be considered together. The thrust of his argument is that Condition (N) of his Probation Judgment — that he not operate a motor vehicle between 12:01 a.m. and 5:30 a.m. — was not reasonably related to the offense committed nor was it imposed for a reasonable period of time. Defendant argues, therefore, that the Court's order revoking probation and activating his suspended sentence was erroneously entered because it was based on an alleged violation of an invalid condition of probation. We agree.

Conditions of probation must bear some reasonable relationship to the offense committed by the defendant, *State v. Smith,* 233 N.C. 68, 62 S.E. 2d 495 (1950), and must be reasonably related to his rehabilitation, G.S. 15A-1343(b)(17). The failure of the defendant to object at the time the condition was imposed in no way constitutes a waiver of his right to object to the condition at a later time. G.S. 15A-1342(g).

The State cites *State v. Smith, supra,* to support its position that the driving prohibition herein was reasonably related to the offense charged and to defendant's rehabilitation. In *Smith,* however, the defendant was convicted of larceny upon evidence that he used a motor vehicle to steal 900 pounds of cotton. The court pointed out, "[i]f, in committing the larceny the defendant used an automobile, the crime and the operation are directly related." *Id.* at 70, 62 S.E. 2d at 496.

In the case *sub judice,* the defendant pleaded guilty to possession of stolen credit cards. No evidence appears in the record that defendant used an automobile to facilitate a theft or

the possession of the cards. It is clear that use of a car is not necessary to steal or possess credit cards, and it is equally clear that prohibiting the use of a car adds little or nothing to this defendant's rehabilitation for committing that particular crime. Additionally, the time of driving prohibition — 12:01 a.m. until 5:30 a.m. — is a time period during which the defendant is least likely to use stolen credit cards.

Based on the evidence in the record then, we find that the condition of probation allegedly breached by the defendant is not one reasonably related to the offense committed. As such, revocation of the defendant's probation was improper. Although finding this condition unreasonably related to the particular offense in this case, we in no way wish to discourage the courts from placing individuals on probation subject to the imposition of reasonable conditions for continued release. Additionally, we do not reach the question of the reasonableness of the length of time of the probation conditions. For the reasons stated herein, we hold that the revocation of defendant's probation was improper.

Reversed.

Chief Judge MORRIS concurs.

Judge VAUGHN dissents.

Judge VAUGHN dissenting:

We must start with the proposition that there is a presumption of validity to the proceeding at defendant's original trial, and the burden is on defendant to show otherwise. The only things before us that took place before Judge Llewellyn are defendant's pleas of guilty to 12 felonies which would have permitted the imposition of prison sentences totaling 42 years and his judgment imposing a sentence of not less than 2 nor more than 3 years, suspended on certain conditions including the one about which defendant now complains. He was later brought before Judge Stevens on allegations that he had operated a motor vehicle in violation of the judgment. In the only evidence in the record, the State offered evidence tending to show the violation, and defendant offered evidence tending to show that he did not operate the vehicle as alleged. Judge Stevens found for the State and revoked probation. We know nothing of the circumstances surrounding the commission of

the 12 felonies to which defendant pleaded guilty, and we know nothing about the habits, character, weaknesses or propensities of defendant that could have been before the sentencing judge. Defendant was not represented at the revocation proceeding by the attorney who represented him when he was sentenced. We know nothing of the pleas and representations made by defendant, his family or trial counsel to the sentencing judge. Indeed, so far as we know, the probation condition of which he now complains may very well have been one for which his trial counsel prayed as an alternative to active imprisonment (a subject of growing concern). I am unwilling to say that the condition is unreasonable as a matter of law when I know nothing about the circumstances under which it was imposed. I vote to affirm the judgment.