STATE OF NORTH CAROLINA v. LACY ALLEN PARKER

No. 8112SC518

(Filed 2 February 1982)

1. Criminal Law § 142.3— condition of probation appropriate

Where defendant was convicted of unlawfully, willfully and wantonly injuring personal property by sawing down a light pole, removing a transformer therefrom and burying the transformer, a condition of his probation that he refrain from possessing a firearm was one of the sixteen "appropriate conditions" of probation specifically authorized by the legislature, and it was unnecessary to find its "relatedness" to the crime. G.S. 15A-1343(b)(1)-(16).

2. Criminal Law § 99.7— court's admonition of witness concerning penalty for perjury—no prejudice

Defendant failed to show prejudice in the trial court's admonition of one of defendant's witnesses with regard to the penalty for perjury since the witness in no way altered his story and since the judge, not a jury, served as factfinder.

APPEAL by defendant from *Davis, Judge.* Order entered 24 March 1981 in Superior Court, HOKE County. Heard in the Court of Appeals 11 November 1981.

**State v. Parker**

A hearing was held on a report that defendant had violated the terms and conditions of his probation.

It was stipulated that defendant was convicted on 2 August 1979 of unlawfully, willfully and wantonly injuring personal property by sawing down a light pole, removing a transformer therefrom and burying the transformer. Defendant received a two-year, suspended sentence and was placed on probation for five years. One of the conditions of probation was that defendant "refrain from possessing a firearm or destructive devise [sic] or any other dangerous weapon unless granted written permission by the Court."

State's evidence at defendant's parole revocation hearing tended to show that a state wildlife enforcement officer saw defendant in early January 1981 standing in a field of broom straw, holding what appeared to be a shotgun. When defendant saw the officer, he threw the object down. A shotgun was found lying in the field. Defendant went to the officer's house a few weeks before trial and asked what kind of deal they could make since defendant did not want to go back to prison.

State's evidence also showed that defendant had requested the court's permission to have a weapon more than a year earlier.

Defendant testified that he had accompanied two men to the field where he was observed by the wildlife officer, but that he had carried no weapon. His companions carried shotguns. When the officer was seen approaching, one of the men dropped his gun and ran away. This was the gun later found lying in the field. Defendant's alleged companions corroborated his testimony.

Judge Davis found that defendant had willfully violated the conditions of his probation. His probation was revoked and his two-year suspended sentence activated.

Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General James Peeler Smith, for the State.*

*Moses, Diehl & Pate, by Philip A. Diehl, for defendant appellant.*

ARNOLD, Judge.

[1]  Defendant first argues that the trial court erred in imposing as a condition of probation a restriction not reasonably related to the crime of which defendant had been convicted and, therefore, that violation of this condition could not serve as the basis for revocation of his probation. In support of this assignment of error, defendant cites *State v. Cooper*, 51 N.C. App. 233, 275 S.E. 2d 538 (1981), wherein this Court stated that "[c]onditions of probation must bear some reasonable relationship to the offense committed. . . ., G.S. 15A-1343(b)(17)." *Id.* at 234, 275 S.E. 2d 539. We find, however, that defendant's reliance upon *Cooper* is misplaced. Unlike the case at bar, *Cooper* involved a condition of probation devised entirely by the court. Such a condition clearly falls under subsection 17 of the statute and, indeed, must be "reasonably related" to the defendant's crime. Our Supreme Court recently reversed *Cooper* in an opinion filed 6 October 1981, indicating its willingness to find "relatedness" where the connection between the crime and the condition of probation eluded this Court. We find it unnecessary to establish such a connection in the case before us, however, because the challenged condition was not a creation of the trial court, but rather is one of the sixteen "appropriate conditions" of probation specifically authorized by the legislature. G.S. 15A-1343(b)(1)-(16).

A review of the statute reveals that while some conditions apparently are intended to relate to specific types of crimes, others are designed to aid in the general rehabilitation of convicted criminals. In the case at bar, for example, one of the conditions not challenged by defendant is that set forth in G.S. 15A-1343(b)(5), that he "support his dependents and meet other family responsibilities." There is nothing in the record to indicate a direct relationship between this condition and the defendant's crime, but its purpose is obvious. A criminal defendant who receives probation in lieu of an active sentence is the beneficiary of judicial largess. The restrictions under which he must live during the term of his probation are a small price to pay for the key to the prison door. Indeed, a defendant who is unwilling to live with such conditions can always opt to serve his sentence rather than accept probation.

We feel that the legislature intended the "reasonably related" language of G.S. 15A-1343(b)(17) to serve as a check on

the discretion of judges in devising conditions of probation. Where, as here, the judge elects to impose one of the conditions enumerated by the statute, no such check is needed since our legislature has deemed all of these conditions "appropriate" to the rehabilitation of criminals and their assimilation into law-abiding society.

[2] Defendant next argues that the trial court's admonition of one of defendant's witnesses with regard to the penalty for perjury was prejudicial error. While such admonitions should not be issued lightly, defendant has failed to show any prejudice since the witness in no way altered his story, but persisted in corroborating defendant's testimony, and since the judge, not a jury, served as fact-finder.

Defendant contends the court also erred in failing to state in its judgment that it considered alternatives to revoking defendant's probation. We find nothing in the wording of G.S. 15A-1344(d) to indicate that such a finding is required.

We have examined defendant's remaining assignment of error and find it to be wholly without merit.

The order revoking defendant's probation is

Affirmed.

Chief Judge MORRIS and Judge BECTON concur.