State v. Suggs

---

STATE OF NORTH CAROLINA v. JAMES ALLEN SUGGS

No. 888SC567

(Filed 15 November 1988)

Criminal Law § 142.2— modification of probation conditions—written notice required

A purported modification of the conditions of defendant's probation was of no effect where defendant was not given written notice of the modification even though he received oral notice in open court and from his probation officer. N.C.G.S. § 15A-1343(c).

ON writ of certiorari from *Currin, Judge.* Judgment entered 29 October 1987 in Superior Court, WAYNE County. Heard in the Court of Appeals 24 October 1988.

*Attorney General Thornburg, by Assistant Attorney General William F. Briley, for the State.*

*Barnes, Braswell, Haithcock & Warren, by R. Gene Braswell and Glenn A. Barfield, for defendant appellant.*

PHILLIPS, Judge.

Following defendant's conviction of contributing to the delinquency of a minor he was placed on special supervised probation, one of the express conditions of which was that he not be in the company of the victim. Subsequently, he was charged with violating that probation condition and following a hearing Judge James R. Strickland found that the violation occurred; but he continued defendant's probation and modified the terms to add as a special condition that defendant surrender his driver's license and not operate a motor vehicle on a public highway for a period of six months. A written statement setting forth the terms of this new condition of probation was not given to defendant; and upon being charged with violating that condition by driving an automobile on a public highway on six different occasions defendant moved to dismiss the charge because he had not received a written copy of the modification. Following a hearing Judge Currin denied the motion and revoked his probation upon findings that defendant received oral notice of the modification in open court and later from his probation officer.

G.S. 15A-1343(c), which provides as follows, requires that the order be set aside:

> Statement of Conditions.—A defendant released on supervised probation must be given a written statement explicitly setting forth the conditions on which he is being released. If any modification of the terms of that probation is subsequently made, he must be given a written statement setting forth the modifications.

Obviously, the provision requiring written notice of any modifications made in the terms of probation is mandatory, and we have no authority to rule otherwise. The State's argument that oral notice was a satisfactory substitute for the written statement that the statute requires cannot be accepted, because to do so would render the statute nugatory. Since the statutory mandate as to written notice was not complied with the purported modification of the probation terms was of no effect and the order holding to the contrary is vacated.

Vacated.

Judges BECTON and COZORT concur.