STATE OF NORTH CAROLINA v. ANTHONY C. LAMBERT

No. COA00-1133

(Filed 2 October 2001)

**1. Constitutional Law— resentencing—probation conditions— no right to counsel**

The trial court did not err by not appointing counsel for a resentencing hearing for the unauthorized practice of law because the resentencing in this case was not a critical stage of the criminal proceeding where the trial court, on remand from the Court of Appeals, only addressed the issue of how to modify the special condition of probation that defendant not file documents in any court without prior approval of his probation officer, and the trial court was not likely to either sentence defendant to an active term of imprisonment or fine defendant five hundred dollars or more. N.C.G. S. § 7A-451(a)(1).

**2. Sentencing— resentencing—pro se representation—required inquiry not made**

The trial court did not err by not making the inquiry required by N.C.G.S. § 15A-1242 before allowing defendant to represent himself at a resentencing hearing because defendant was not entitled to counsel at the hearing.

**3. Probation and Parole— term longer than statutory period—no findings**

The trial court erred at a resentencing for the unauthorized practice of law by ordering a term of probation longer than the statutorily prescribed period without making the required findings that a longer term of probation was necessary. N.C.G.S. § 15A-1343.2(d).

**4. Probation and Parole— probation—condition—curfew— relation to rehabilitation**

The trial court did not err when sentencing defendant for the authorized practice of law by imposing as a condition of proba-

tion that defendant remain in his residence from 7:00 p.m. until 6:00 a.m. The challenged condition is permitted by N.C.G.S. § 15A-1343(b1) (1999); the legislature has deemed all of the special conditions enumerated by the statute appropriate to the rehabilitation of criminals and their assimilation into a law-abiding society and the condition need not be reasonably related to defendant's rehabilitation.

**5. Probation and Parole— conditions—written notice required**

The trial court erred when sentencing defendant for the unauthorized practice of law by imposing as a condition of probation that defendant file documents with the court only when the documents were signed and filed by a licensed attorney. The record on appeal was devoid of any evidence that defendant was served with a written copy of this particular condition of probation; oral notice of conditions of probation is not a satisfactory substitute for the written statement required by statute.

**6. Appeal and Error— probation condition—earlier decision in same case by different panel—binding**

The trial court did not err when sentencing defendant for the unauthorized practice of law by imposing as a condition of probation that defendant not work as a private investigator or paralegal. This condition of probation was upheld in the earlier unpublished opinion in this case; one panel of the Court of Appeals may not overrule the decision of another panel on the same question in the same case.

Appeal by defendant from judgment entered 22 May 2000 by Judge William C. Griffin, Jr., in Pasquotank County Superior Court. Heard in the Court of Appeals 23 August 2001.

*Attorney General Roy Cooper, by Assistant Attorney General Kristine L. Lanning, for the State.*

*Anthony Lambert, pro se, defendant appellee.*

McCULLOUGH, Judge.

Defendant Anthony C. Lambert was indicted for obtaining property by false pretenses and the unauthorized practice of law on 2 December 1996. The pertinent facts are as follows: On 2 July 1996, Rosa Harvey visited defendant's home and spoke with defendant about a divorce action. During their conversation, defendant told Ms.

Harvey that he was a licensed attorney and agreed to draft her divorce documents for a fee of fifty dollars. The next day, during a meeting with Ms. Harvey and her fiancé, defendant presented the documents to her. Defendant also promised to provide Ms. Harvey with other necessary documents, but failed to deliver the documents to her by the morning of her district court appearance. The district court refused to grant Ms. Harvey a divorce because of the insufficient and incorrect documents prepared by defendant. Following the divorce hearing, the district court judge advised Ms. Harvey to speak with a detective at the Elizabeth City Police Department concerning her dealings with defendant.

As a result of the information provided by Ms. Harvey, defendant was charged with one count of obtaining property by false pretenses and one count of the unauthorized practice of law. On 4 March 1998, a jury found defendant not guilty of obtaining property by false pretenses, but convicted him of the unauthorized practice of law. Defendant received a sentence of forty-five days in jail, suspended for thirty-six months, with regular and special terms of probation. Defendant appealed.

On appeal, defendant contended that, because the jury acquitted him of obtaining property by false pretenses, he could not be guilty of the unauthorized practice of law. Defendant also argued that the trial court erred in finding sufficient evidence to support his conviction for the unauthorized practice of law, resulting in denial of his motion to dismiss. Defendant further assigned error to the jury instruction on the unauthorized practice of law and two special conditions of his probation: (1) the condition that defendant not file documents in any court without prior approval from his probation officer, and (2) the condition that defendant not practice as a paralegal or private investigator. A panel of this Court found no error in defendant's trial, but vacated in part the trial court's sentencing judgment and remanded defendant's case for resentencing.

On 22 May 2000, defendant appeared *pro se* at the resentencing hearing. Once again, the trial court imposed an intermediate punishment and sentenced defendant to forty-five days in jail, suspended for thirty-six months, with regular and special terms of probation. From this resentencing judgment, defendant appeals.

Defendant brings forward five assignments of error, one challenging the trial court's failure to appoint counsel to represent defendant during resentencing and four relating to special conditions

of probation, namely (1) the thirty-six months of supervised probation; (2) the condition that defendant is under curfew from 7:00 p.m. until 6:00 a.m. and may not leave his residence during that time without authorization from his probation officer; (3) the condition that defendant may file documents with the court only when the documents are signed and filed by a licensed attorney; and (4) the condition that defendant not practice as a paralegal. For the reasons set forth below, we vacate in part the trial court's resentencing judgment and remand defendant's case for resentencing.

[1] Defendant first argues that the trial court erred by not appointing counsel for him at his resentencing hearing, thereby violating his Sixth Amendment right to counsel under the United States Constitution. We disagree. The sources of an indigent person's right to appointed counsel are the Sixth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution, *Jolly v. Wright*, 300 N.C. 83, 90, 265 S.E.2d 135, 141 (1980), *overruled on other grounds by McBride v. McBride*, 334 N.C. 124, 431 S.E.2d 14 (1993), and Article I, Section 23 of the North Carolina Constitution. Under the Sixth and Fourteenth Amendments, a criminal defendant is entitled to effective assistance of counsel during trial, *Gideon v. Wainwright*, 372 U.S. 335, 9 L. Ed. 2d 799 (1963); during the penalty phase of a capital case, *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, *reh'g denied*, 467 U.S. 1267, 82 L. Ed. 2d 864 (1984); and during every critical stage of a criminal proceeding where "substantial rights of a criminal accused may be affected." *Mempa v. Rhay*, 389 U.S. 128, 134, 19 L. Ed. 2d 336, 340 (1967).

Sentencing is a critical stage of the criminal proceeding during which the criminal defendant is entitled to effective assistance of counsel. *Gardner v. Florida*, 430 U.S. 349, 358, 51 L. Ed. 2d 393, 402 (1977). In *Argersinger v. Hamlin*, 407 U.S. 25, 32 L. Ed. 2d 530 (1972), the United States Supreme Court held that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at trial." *Id.* at 37, 32 L. Ed. 2d at 538. The Supreme Court in Argersinger emphasized imprisonment as the event triggering an absolute right to counsel under the Sixth Amendment. *Jolly*, 300 N.C. at 91, 265 S.E.2d at 141. In *Scott v. Illinois*, 440 U.S. 367, 59 L. Ed. 2d 383 (1979), the Supreme Court reaffirmed that "the central premise of Argersinger—that actual imprisonment is a penalty different in kind from fines or the mere threat of imprison-

ment—is eminently sound and warrants adoption of actual imprison-
ment as the line defining the constitutional right to appointment of
counsel." *Id.* at 373, 59 L. Ed. 2d at 389. *See also State v. Neeley,* 307
N.C. 247, 297 S.E.2d 389 (1982).

N.C. Gen. Stat. § 7A-451 enumerates those actions and proceed-
ings in which an indigent person is entitled to the services of counsel.
Subdivision (1) is the only subdivision that applies to criminal pro-
ceedings, and defines the scope of an indigent's entitlement to court-
appointed counsel. *Jolly,* 300 N.C. at 90, 265 S.E.2d at 141. N.C. Gen.
Stat. § 7A-451(a)(1) (1999) provides that

> (a) An indigent person is entitled to services of counsel in
> the following actions and proceedings:
>
> (1) Any case in which imprisonment, or a fine of five hun-
> dred dollars ($500.00), or more, is likely to be adjudged[.]

The language in N.C. Gen. Stat. § 7A-451(a)(1) responds to the "pre-
cise holding of *Argersinger,* which states that the Sixth Amendment
precludes *imprisonment* of a person for 'any offense,' however clas-
sified, unless he [is] represented by counsel at his trial. . . .[T]he right
to appointed counsel [also] attaches in felony or misdemeanor cases
where the authorized punishment exceeds a five hundred dollar fine."
*Jolly,* 300 N.C. at 88, 265 S.E.2d at 140 (emphasis in original).

Defendant Lambert's resentencing hearing was not a critical stage
of the criminal proceeding in which he was entitled to counsel. At
trial, defendant was represented by counsel through the sentencing
phase and received a suspended sentence with regular and special
terms of probation. On defendant's first appeal, this Court in an
unpublished opinion found no error in defendant's trial, but vacated
in part the trial court's sentencing judgment and remanded defend-
ant's case for resentencing, consistent with the panel's opinion that
the trial court erred in delegating a judicial function to defendant's
probation officer. *State v. Lambert,* No. COA98-1222, slip op. at 9-10
(N.C. App. Nov. 16, 1999). On remand, the trial court only addressed
the issue of how to modify the special condition of probation that
defendant not file documents in any court without prior approval
from his probation officer. Thus, during resentencing, none of defend-
ant's substantial rights were at stake. The trial court was not likely to
either sentence defendant to an active term of imprisonment or fine
defendant five hundred dollars or more. Therefore, we determine that
none of defendant's constitutional rights were violated during resen-

tencing because under the provisions of N.C. Gen. Stat. § 7A-451, defendant was not entitled to counsel.

[2] Defendant also contends that the trial court failed to make the mandatory inquiry under N.C. Gen. Stat. § 15A-1242 (1999) before allowing him to represent himself at his resentencing hearing. N.C. Gen. Stat. § 15A-1242 provides that

[a] defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

Defendant correctly argues that this inquiry is required in every case in which the defendant has a right to counsel but waives that right. "[N.C. Gen. Stat.] § 15A-1242 sets forth the prerequisites necessary before a defendant may waive his right to counsel and elect to represent himself at trial." *State v. Gerald*, 304 N.C. 511, 517, 284 S.E.2d 312, 316 (1981) (footnote omitted). Defendant's argument fails because under N.C. Gen. Stat. § 7A-451, defendant was not entitled to counsel at his resentencing hearing. Since defendant could not waive a right to counsel he did not have in the first place, the trial court was not required to make the inquiry mandated by N.C. Gen. Stat. § 15A-1242. Defendant's first assignment of error is overruled.

[3] Defendant next argues that the sentence imposed by the trial court, particularly the length of supervised probation for thirty-six months, is disproportionate to the crime for which defendant was convicted and violative of the Eighth Amendment to the United States Constitution. While we agree with defendant that the trial court erred by ordering a thirty-six-month term of probation, we do not agree with defendant that his sentence was unconstitutionally disproportionate to the crime of the unauthorized practice of law. Where the sentence ultimately imposed falls within statutory limits prescribed for the offense, we defer to the wisdom of our Legislature regarding the appropriateness of the minimum or maximum punishment. *State*

*v. Ahearn*, 307 N.C. 584, 598, 300 S.E.2d 689, 698 (1983). N.C. Gen. Stat. § 15A-1343.2(d) (1999) prescribes lengths of probation under the North Carolina Structured Sentencing Act and provides that

> [u]nless the court makes specific findings that longer or shorter periods of probation are necessary, the length of the original period of probation for offenders sentenced under Article 81B shall be as follows:
>
> . . . .
>
> (2) For misdemeanants sentenced to intermediate punishment, not less than 12 nor more than 24 months;
>
> . . . .
>
> If the court finds at the time of sentencing that a longer period of probation is necessary, that period may not exceed a maximum of five years.

In the present case, the trial court found that defendant had a prior conviction level of 2, and sentenced him to an intermediate punishment for committing a Class 1 misdemeanor by placing him on probation for thirty-six months. Pursuant to N.C. Gen. Stat. § 15A-1343.2(d), such a term of probation was within the discretion of the trial court; however, an examination of the record and transcript of the hearing reveals that the trial court failed to make the required findings of fact that a longer term of probation was necessary. Accordingly, we vacate this condition of defendant's probation and remand this portion of defendant's case for resentencing. The trial court must reduce defendant's probation to the statutory period of twelve to twenty-four months or enter appropriate findings of fact that a longer period of probation is necessary. *See State v. Cardwell*, 133 N.C. App. 496, 516 S.E.2d 388 (1999) (resentencing required when trial court imposed twelve months' supervised and forty-eight months' unsupervised probation for reckless driving without finding that the extended period of probation was necessary); and *State v. Hughes*, 136 N.C. App. 92, 524 S.E.2d 63 (1999), *disc. review denied*, 351 N.C. 644, 543 S.E.2d 878 (2000) (resentencing required when trial court imposed sixty months' supervised probation on a felon sentenced to intermediate punishment without finding that the extended period of probation was necessary).

**[4]** Defendant next argues that the trial court erred by imposing the condition of probation that defendant remain under curfew and not

be away from his place of residence from 7:00 p.m. until 6:00 a.m. because the condition is "unreasonable, oppressive, unduly burdensome and has no relationship to the crime of which defendant was convicted for [sic]." We disagree. The challenged condition of probation is permitted by N.C. Gen. Stat. § 15A-1343(b1)(3c) (1999), which provides in pertinent part:

> (b1) Special Conditions.—In addition to the regular conditions of probation specified in subsection (b), the court may, as a condition of probation, require that during the probation the defendant comply with one or more of the following special conditions:
>
> . . . .
>
> (3c) Remain at his or her residence unless the court or the probation officer authorizes the offender to leave for the purpose of employment, counseling, a course of study, or vocational training.

Defendant contends that nothing in the record supports the imposition of this condition as related to the crime of the unauthorized practice of law, and that the condition is not reasonably related to his rehabilitation. To support this argument, defendant relies on the "reasonably related" standard articulated in N.C. Gen. Stat. § 15A-1343(b1)(10) (1999). Under N.C. Gen. Stat. § 15A-1343(b1)(10), "the trial court may in addition to the statutorily described conditions impose 'any other conditions . . . reasonably related to [defendant's] rehabilitation." *State v. Harrington*, 78 N.C. App. 39, 48, 336 S.E.2d 852, 857 (1985).

The language of N.C. Gen. Stat. § 15A-1343(b1)(10) operates as a check on the discretion of trial judges in devising special conditions of probation other than those enumerated in the statute. *State v. Parker*, 55 N.C. App. 643, 645-46, 286 S.E.2d 366, 368 (1982). However, when the trial judge imposes one of the special conditions of probation enumerated by N.C. Gen. Stat. § 15A-1343(b1), the condition need not be reasonably related to defendant's rehabilitation because the Legislature has deemed all those special conditions appropriate to the rehabilitation of criminals and their assimilation into law-abiding society. *Parker*, 55 N.C. App. at 646, 286 S.E.2d at 368. In this case, the challenged condition of probation is not a creation of the trial court, but rather one of those appropriate and reasonable conditions of probation expressly authorized by the Legislature under N.C. Gen.

Stat. § 15A-1343(b1)(3c). We conclude that defendant's argument is without merit and overrule this assignment of error.

**[5]** Defendant next argues that the trial court erred by imposing as a condition of probation that he file documents with the court only when the documents were signed and filed by a licensed attorney whose signature was affixed thereto. Defendant maintains that this condition violates his constitutional right of access to the courts, and is unreasonable and beyond the power of the trial court to devise. We agree that the trial court erred by imposing this condition, but disagree with defendant as to why the trial court erred.

It is the settled policy of this Court that when a case can be disposed of on appeal without reaching the constitutional issue, it is to be first disposed of on non-constitutional grounds. *Burwell v. Griffin*, 67 N.C. App. 198, 209, 312 S.E.2d 917, 924, *appeal dismissed, disc. review denied*, 311 N.C. 303, 317 S.E.2d 678 (1984).

N.C. Gen. Stat. § 15A-1343(c) (1999) mandates that

[a] defendant released on supervised probation must be given a written statement explicitly setting forth the conditions on which he is being released. If any modification of the terms of that probation is subsequently made, he must be given a written statement setting forth the modifications.

Here, the trial court orally modified the original terms of defendant's probation in light of the Court of Appeals' remand order:

THE COURT: . . . I believe the only thing [the Court of Appeals] said I couldn't do was require him not to file papers. . . .

* * * *

THE COURT: With regard to that during the [thirty-six] month period of probation he may file documents with the clerk of Superior Court when it has been—when it is filed by an attorney, a licensed attorney practicing law in the State of North Carolina, filed on his behalf by a licensed attorney practicing law in North Carolina. Or has been reviewed by a licensed attorney practicing law in North Carolina who has affixed his signature thereto.

The trial court's recital does not appear anywhere in the written record on appeal, including the text of the trial court's resentencing judgment. The record on appeal is completely devoid of .any evidence that defendant was served with a written copy of this

particular condition of probation, so this condition is invalid as prescribed by the trial court. Oral notice to defendant of his conditions of probation is not a satisfactory substitute for the written statement required by statute. *State v. Suggs*, 92 N.C. App. 112, 113, 373 S.E.2d 687, 688 (1988). Accordingly, we vacate this condition of defendant's probation and remand this portion of defendant's case for resentencing.

We emphasize that our ruling today does not determine the propriety or reasonableness of this contested condition of defendant's probation. However, we note that the right to counsel guaranteed to all criminal defendants by the federal and state constitutions implicitly gives a defendant the right to refuse counsel and conduct his or her own defense *pro se. State v. Thacker*, 301 N.C. 348, 353-54, 271 S.E.2d 252, 256 (1980). Integral to a defendant's right to proceed *pro se* is his ability to prepare and submit legal documents to the trial court. This Court is well aware that the trial court has substantial discretion in devising conditions of probation under N.C. Gen. Stat. § 15A-1343(b1)(10). *Harrington*, 78 N.C. App. at 48, 336 S.E.2d at 857. Nevertheless, any condition which violates defendant's constitutional rights is *per se* unreasonable and beyond the power of the trial court to impose. *State v. Simpson*, 25 N.C. App. 176, 180, 212 S.E.2d 566, 569, *cert. denied*, 287 N.C. 263, 214 S.E.2d 436 (1975).

**[6]** Lastly, defendant argues that the trial court erred by imposing the condition of probation that "[defendant] not engage in the practice [as a] paralegal or be permitted to engage in any work as a private investigator and surrender to the probation officer any license or permit as to either of these occupations." Defendant urges this Court to hold the challenged condition invalid as to his ability to practice before the Social Security Administration because paralegal work before the Administration is not itself criminal and is governed by federal, not state, law. We do not find defendant's argument persuasive.

The North Carolina Supreme Court has held that one panel of the Court of Appeals may not overrule the decision of another panel on the same question in the same case. *N.C.N.B. v. Virginia Carolina Builders*, 307 N.C. 563, 566-67, 299 S.E.2d 629, 631-32 (1983). Defendant's previous appeal challenged the exact same condition of probation prohibiting defendant from practicing as a paralegal and private investigator. In *Lambert,* slip op. at 9-10, this Court upheld the trial court's special condition of probation under N.C. Gen. Stat. § 15A-1343(a) (Cum. Supp. 1998), which gives the trial court author-

GRANT CONSTR. CO. v. McRAE

[146 N.C. App. 370 (2001)]

ity to impose conditions of probation "reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so." The first panel decided that the contested condition bore some relation to defendant's offense, and that the condition was aimed at preventing defendant from engaging in similar offenses. *Lambert*, slip op. at 10. Where one panel of this Court has decided an issue, a subsequent panel is bound by that precedent unless it has been overturned by a higher court. *Heatherly v. Indus. Health Council*, 130 N.C. App. 616, 621, 504 S.E.2d 102, 106 (1998). Defendant's final assignment of error is therefore overruled.

For the foregoing reasons, we vacate in part the trial court's resentencing judgment and remand defendant's case for resentencing consistent with this opinion.

Vacated in part, and remanded for resentencing.

Judges MARTIN and BIGGS concur.