STATE OF NORTH CAROLINA v. SHANE SEEK

No. COA01-600

(Filed 6 August 2002)

**Probation and Parole— ex parte probation modification—written notice requirement**

The trial court erred in an indecent liberties with a minor case by finding an ex parte probation modification entered on 26 June 2000 was valid even though defendant's probation officer gave defendant oral notice of the modification, because: (1) defendant did not receive adequate notice of the modification since he never received written notice as required by N.C.G.S. § 15A-1343(c); and (2) contrary to the State's assertion, the lack

of written notice is not moot based on the original order's condition of probation requiring defendant to complete a parenting class before he could stay in a residence with his own child since the allegations against defendant and the evidence presented at trial do not mention defendant either completing or failing to complete any parenting class.

Appeal by defendant from order dated 27 November 2000 by Judge Gregory A. Weeks in Superior Court, Cumberland County. Heard in the Court of Appeals 13 May 2002.

*Attorney General Roy Cooper, by Assistant Attorney General J. Philip Allen, for the State.*

*Matthew Cockman for defendant-appellant.*

McGEE, Judge.

Defendant was convicted of taking indecent liberties with a minor on 13 June 2000, in Superior Court, Harnett County. He was sentenced to twenty-four months of probation with a special condition that he not reside in any household with a minor child. The trial court modified this special condition by adding the words "other than his own[,]" and also added the additional special condition: "The defendant may reside with his own child providing he immediately enroll in and successfully complete an approved parent[ing] class."

Defendant's probation case was transferred to Cumberland County where defendant resided. However, the Cumberland County probation office refused to accept the case because it believed the special condition of probation was in violation of N.C. Gen. Stat. § 15A-1343(b2)(4). The case was sent back to Harnett County, where the Harnett County trial court modified the probation order on 26 June 2000 by striking the words "other than his own[.]" After this modification, Cumberland County accepted the transfer of the case. Defendant did not receive written notice of this modification, although Paul Hatch (Hatch), a Cumberland County probation officer, testified he told defendant orally of the modification.

Hatch filed a probation violation report stating defendant had remained overnight in the same residence as defendant's child on two occasions in September 2000, in violation of the modified probation order entered 26 June 2000. The court found on 27 November 2000

that defendant wilfully violated his probation and ordered, as an additional condition of defendant's probation, that he abide by the conditions of the sex offender control program. Defendant appeals from this order.

Defendant first argues the court erred in not finding the *ex parte* probation modification entered on 26 June 2000 to be invalid. Defendant contends he did not receive adequate notice of the modification because he never received written notice. We agree.

N.C. Gen. Stat. § 15A-1343(c) (1999) states:

> Statement of Conditions.—A defendant released on supervised probation must be given a written statement explicitly setting forth the conditions on which he is being released. If any modification of the terms of that probation is subsequently made, he must be given a written statement setting forth the modifications.

Defendant did not receive any written notification. The "provision requiring written notice of any modifications made in the terms of probation is mandatory, and we have no authority to rule otherwise." *State v. Suggs*, 92 N.C. App. 112, 113, 373 S.E.2d 687, 688 (1988). Hatch did orally inform defendant of the modification; however, oral notice is not "a satisfactory substitute for the written statement that the statute requires[.]" *Id.*

The State argues the lack of written notice is moot because the original order's condition of probation required defendant to complete a parenting class before he could stay in a residence with his own child. The State argues that if the modified order was invalid, the original order was valid, and defendant violated those conditions by not completing the parenting class. However, the allegations against defendant and the evidence presented at trial do not mention defendant either completing or failing to complete any parenting class. Therefore, we reverse defendant's probation violation conviction. As we reverse defendant's conviction, we need not reach the constitutional issues defendant raises in his final assignment of error.

Reversed.

Judges EAGLES and TYSON concur.