An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA 13-1187

NORTH CAROLINA COURT OF APPEALS

Filed: 15 April 2014

STATE OF NORTH CAROLINA

v.                                      Johnston County
                                        No. 11 CRS 56615
JAMES DANIEL WOOD


Appeal by defendant from judgment entered 4 June 2013 by Judge Ebern T. Watson, III, in Johnston County Superior Court. Heard in the Court of Appeals 5 March 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Ellen A. Newby, for the State.*

> *Narron, O'Hale and Whittington, P.A., by John P. O'Hale, for the defendant.*


McCullough, Judge.


Defendant James Daniel Wood appeals from the trial court's sentence upon his conviction of careless and reckless driving, a Class II misdemeanor. Specifically, Defendant contends that the judge committed reversible error by imposing an unauthorized sentence when the court imposed a sentence of twenty-four (24) months' probation without making specific findings that a longer

period of probation was necessary as the statute only authorizes a punishment of eighteen (18) months otherwise. As the State concedes error we will remand for re-sentencing.

## I.   Background

On the afternoon of 8 April 2011 at approximately 2:15 p.m. three (3) motorcyclists were riding south on Highway 50 in Johnston County. As Defendant made a right turn onto the highway the motorcycle riders began to pass Defendant's slower moving automobile. The second rider, Kevin Conroy, now deceased, collided with the left hand rear portion of Defendant's automobile. Defendant's car struck Conroy's motorcycle at four (4) points on the right handlebar as well as the lower portion of the motorcycle. Conroy's cycle left the road where Conroy suffered the injuries he later died of. Eventually, Defendant was charged with involuntary manslaughter and indicted by a Johnston County Grand Jury on that charge on 2 April 2012. Defendant later pled guilty to careless and reckless driving pursuant to an *Alford* plea as authorized by *North Carolina v. Alford,* 400 U.S. 25, 27 L. Ed. 2d 162 (1970). The sentencing judge entered a judgment of thirty (30) days suspended for a period of twenty-four (24) months and as a condition of probation ordered Defendant to surrender his driver's license without directing the Clerk of Superior Court

to transmit the license to the Department of Motor Vehicles. Defendant alleges both actions are erroneous and the case should be remanded for re-sentencing, a position the State agrees with.

## II.  Standard of Review

Statutory errors involving sentencing issues are issues of law and are reviewed *de novo*.  *State v. Mackie,* 209 N.C. App. 116, 120, 708 S.E.2d 719, 721 (2011).  Such errors are preserved even if Defendant failed to object at the sentencing hearing and this Court is free to hear and correct such errors.  *State v. Morgan,* 164 N.C. App. 298, 304, 595 S.E.2d 804, 809 (2004).

## III. Discussion

On 23 May 2013, Defendant entered his plea of guilty admitting he violated N.C. Gen. Stat. § 20-140(b) (2013) which provides:  "Any person who drives any vehicle upon a highway or any public vehicular area without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property shall be guilty of reckless driving."  The statute further classifies reckless driving as a Class 2 misdemeanor.  N.C. Gen. Stat. § 20-240(d).  The North Carolina scheme for structured sentences is applicable to this offense.  N.C. Gen. Stat. § 15A-1340.10 (2013).  Pursuant to N.C. Gen. Stat. § 15A-1343.2(d)(1) a probationary period must be no less than six months nor longer than 18 months unless the

sentencing judge makes specific findings as to why such a shorter or longer period of probation is applicable. That statute reads as follows:

> d) Lengths of Probation Terms Under Structured Sentencing. - Unless the court makes specific findings that longer or shorter periods of probation are necessary, the length of the original period of probation for offenders sentenced under Article 81B shall be as follows:
> (1) For misdemeanants sentenced to community punishment, not less than six nor more than 18 months[.]

N.C. Gen Stat. § 15A-1343.2(d)(1) (2013).

In a case with nearly identical facts this Court held in *State v. Mucci,* 163 N.C. App 615, 625, 594 S.E.2d 411, 418 (2004), that when longer periods of probation are entered than what is authorized by the appropriate subsection then specific findings must be made. In *Mucci*, the defendant was a felon being punished with community punishment pursuant to N.C. Gen. Stat. § 15A-1343.2(d)(3) which limited his period of probation to 30 months unless findings were made. The trial judge in *Mucci* had imposed a probationary period of thirty-six (36) months but had made no specific findings as mandated by the statute. This court remanded for re-sentencing saying:

> First, defendant argues the trial court erred in sentencing him to a thirty-six month probation term. We agree. N.C. Gen.

Stat. § 15A-1343.2(d)(3) clearly mandates that where a felon is sentenced to community punishment, as was the case here, probation may not be for more than thirty months, unless the trial court specifically finds that a longer term is required. N.C. Gen. Stat. § 15A-1343.2(d)(3) (2003). The trial court in this case made no such finding, thus it was error to make defendant's probation term exceed thirty months. As a result, we must remand this case for resentencing in order for the trial court to either impose a probation term consistent with the statute or to make the appropriate finding of fact that a longer probationary period is necessary. *See State v. Lambert,* 146 N.C. App. 360, 366, 553 S.E.2d 71, 76 (2001).

*Id.* at 624-25, 594 S.E.2d at 418.

The State has conceded that its reading of the statute and the *Mucci* case require it to concede error and agree the Defendant should be re-sentenced. Accordingly, the Defendant's sentence is vacated and his case is hereby remanded for re-sentencing.

Remanded for re-sentencing.

Judges HUNTER, Robert C. and GEER concur.

Report per Rule 30(e).