IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-370

 Filed: 3 December 2019

Macon County, No. 18 CRS 509

IN THE MATTER OF: DAVIN ELDRIDGE, Contemnor.

 Appeal by defendant from order entered 11 January 2019 by Judge William H.

Coward in Macon County Superior Court. Heard in the Court of Appeals 15 October

2019.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Teresa
 L. Townsend, for the State.

 McKinney Law Firm, P.A., by Zeyland G. McKinney, Jr., for defendant-
 appellant.

 BRYANT, Judge.

 Where the trial court’s actions would not cause a reasonable person to doubt

his objectivity or impartiality, we affirm the trial court’s ruling denying defendant’s

motion for recusal. Where defendant’s actions gave rise to criminal contempt, we

affirm the trial court’s ruling finding him in criminal contempt. Where the trial court

did not abuse its discretion by imposing specific conditions which were reasonably

related to defendant’s probationary sentence, we affirm the trial court’s ruling.

 On 29 November 2018, defendant Davin Eldridge, a frequent publisher for a

Facebook page called “Trappalachia,” entered the Macon County Courthouse. The

officer working the metal detector saw defendant had a small tape recorder and
 STATE V. ELDRIDGE

 Opinion of the Court

“advised [defendant that] he [could] not record inside the courtroom. Defendant

acknowledged the officer’s instruction and entered a courtroom. As he did so,

defendant bypassed signs posted on the entranceways stating:

 BY ORDER OF THE SENIOR RESIDENT SUPERIOR
 COURT JUDGE: DO NOT use or open cell phones,
 cameras, or any other recording devices inside the
 courtrooms. Violations of this order will be contempt of
 court, subjecting you to jail and/or a fine. Your phone may
 be subject to seizure and search.

 While in the courtroom, defendant was observed sitting on the second row with

a cell phone, holding it “shoulder-chest level” towards the front of the courtroom. The

officer went over to defendant and instructed him to put his phone away. Defendant

replied, “I’m not doing anything.” The Honorable William H. Coward, Superior Court

Judge of Macon County, was presiding over a criminal matter at that time. Judge

Coward was informed that a live posting of the hearing in session was streaming from

a Facebook page. Based on that information, Judge Coward interrupted the hearing

to issue a reminder that recordings of courtroom proceedings were prohibited by law.

At the conclusion of the hearing, Judge Coward viewed the Facebook postings by

defendant, which included footage of the inside of the courtroom and the prosecutor

presenting his closing argument. The trial court ordered defendant to return to the

courtroom later that day. Defendant failed to return as ordered.

 On 3 December 2018, Judge Coward issued a show cause order for defendant

to appear and show why he should not be held in criminal contempt. The show cause

 -2-
 STATE V. ELDRIDGE

 Opinion of the Court

order made it clear the notice of hearing was based on defendant’s usage of a

recording device inside the courtroom. The hearing was scheduled for 11 January

2019. Meanwhile, the North Carolina State Bureau of Investigation (SBI) made a

preservation request to Facebook to preserve all information relevant to the specific

date and time period of the incident. A search warrant was issued and signed by

Judge Coward. Upon execution of the warrant, the agents seized defendant’s

Facebook account records and several messaging threads.

 On 11 January 2019, immediately prior to the criminal contempt hearing, the

defendant made an oral motion under N.C.G.S. § 5A-15 for Judge Coward to recuse

himself, which was denied. A contempt hearing was held, and the trial court found

defendant to be guilty of criminal contempt. Defendant was sentenced to jail for

thirty days. The active sentence was suspended, and defendant was placed on

probation for one year with certain conditions. Defendant gave oral notice of appeal

in open court.

 _________________________________________________________

 On appeal, defendant argues the trial court erred by: (I) denying his motion for

recusal at the hearing for contempt, (II) finding him in criminal contempt of court,

and (III) issuing a probationary sentence that was unsupported by law.

 I

 -3-
 STATE V. ELDRIDGE

 Opinion of the Court

 First, defendant argues Judge Coward erred by refusing to recuse himself from

defendant’s hearing. We disagree.

 Disqualification and recusal of a presiding judge in plenary proceedings for

contempt is governed by Canon 3 of the North Carolina Code of Judicial Conduct and,

in criminal cases, section 5A-15 of the North Carolina General Statutes.

 The Code of Judicial Conduct provides, in pertinent part, that a judge should

recuse upon motion of any party or by the judge’s own initiative if “impartiality may

reasonably be questioned” including, inter alia, where “the judge has a personal bias

or prejudice concerning a party, or personal knowledge of disputed evidentiary facts

concerning the proceedings.” Code of Jud.Conduct, Canon 3C(1)(a) (2015).

 Section 5A-15 of the North Carolina General Statues provides that “[t]he judge

is the trier of facts at the show cause hearing.” N.C.G.S. § 5A-15(d) (2017). “If the

criminal contempt is based upon acts before a judge which so involve him that his

objectivity may reasonably be questioned, the order must be returned before a

different judge.” Id. § 5A-15(a).

 While [a written] motion required by N.C. Gen. Stat. § 15A-
 1223 must be made in a criminal proceeding where either
 the state or the defendant alleges bias, close familial
 relationship, or absence of impartiality on the part of the
 presiding judge, the legislature specifically codified an
 exception to this requirement for criminal contempt
 proceedings [under N.C.G.S. § 5A-15] where the acts
 constituting the contempt so involve the judge issuing the
 show cause order that his objectivity could be reasonably
 questioned.

 -4-
 STATE V. ELDRIDGE

 Opinion of the Court

In re Marshall, 191 N.C. App. 53, 60, 662 S.E.2d 5, 10 (2008). Therefore, section 5A-

15(a) “imposes a duty on the judge to acknowledge that his involvement in the acts

allegedly constituting the contempt could reasonably cause others to question the

judge’s objectivity and, in such circumstance, to return the show cause order before a

different judge ex mero motu.” Id. at 60–61, 662 S.E.2d at 10.

 In the instant case, at the beginning of the show cause hearing, defendant

orally moved to recuse Judge Coward from the contempt proceedings––arguing there

was an “appearance of impropriety” because Judge Coward was “in a situation where

[he was] a witness as well as a trier of fact.” In response, Judge Coward reasoned as

follows:

 As to this motion, the Court respects [defense counsel’s]
 argument as zealous counsel and in questioning my
 objectivity, but I’m going to deny the motion because I feel
 that I am objective and can be objective and could not be
 called as a witness.

 I feel that, as [defense counsel] pointed out, we could have
 had a hearing with or without [defendant’s] presence on
 November 29th and given him, as you said, [defense
 counsel], limited due process.

 However, out of an abundance of caution and to insure that
 [defendant] receives all the constitutional protections to
 which he’s entitled, I continued the matter to today to allow
 him time to hire counsel and to prepare for this hearing.

 I’m prepared to go forward with it at this time.

 After carefully reviewing the record and defendant’s arguments for Judge

Coward’s recusal, we disagree with defendant’s assertion that Judge Coward’s actions

 -5-
 STATE V. ELDRIDGE

 Opinion of the Court

or personal knowledge would cause a reasonable person to doubt his objectivity or

impartiality. The colloquy between Judge Coward and defense counsel reflects that

he considered his position as the trier of fact and determined that he was able to

preside over the hearing in an objective, impartial manner. Thus, absent facts to

suggest bias or impartiality toward defendant, we affirm Judge Coward’s decision to

deny defendant’s motion for recusal.

 II

 Next, defendant argues the trial court erred by finding him in criminal

contempt. Specifically, defendant argues his actions did not establish that he was in

willful violation of the statute for criminal contempt. We disagree.

 “If a trial court’s finding is supported by competent evidence in the record, it is

binding upon an appellate court, regardless of whether there is evidence in the record

to the contrary.” State v. Key, 182 N.C. App. 624, 627, 643 S.E.2d 444, 447 (2007).

 “Criminal contempt is imposed in order to preserve the court’s authority and

to punish disobedience of its orders. Criminal contempt is a crime, and constitutional

safeguards are triggered accordingly.” Watson v. Watson, 187 N.C. App. 55, 61, 652

S.E.2d 310, 315 (2007) (internal citation omitted).

 Section 5A-11 of the North Carolina General Statues delineates a number of

acts which constitute criminal contempt, including the following:

 (1) Willful behavior committed during the sitting of a
 court and directly tending to interrupt its proceedings.

 -6-
 STATE V. ELDRIDGE

 Opinion of the Court

 (2) Willful behavior committed during the sitting of a
 court in its immediate view and presence and directly
 tending to impair the respect due its authority.

 (3) Willful disobedience of, resistance to, or interference
 with a court’s lawful process, order, directive, or
 instruction or its execution.

N.C.G.S. § 5A-11(a)(1)–(3) (2017).

 Here, defendant challenges the trial court’s findings of fact by arguing that his

“actions did not disrupt the plea hearing in the ongoing criminal case nor were they

calculated to do so.” However, there is ample evidence presented at the hearing which

showed that defendant knowingly carried a device and entered the courtroom with

the intention of live streaming the courtroom proceedings, after being given express

warnings, in violation of the court’s rules.

 Witness testimony from an officer established that prior to entering the

courtroom on 29 November, defendant was observed walking through the metal

detectors with a small tape recorder. He was issued a verbal warning by the officer

not to operate recording devices inside the courtroom. The officer also testified that

the day before, defendant “was [seen] sitting in the courtroom with a laptop.” Another

officer testified that defendant had his “cell phone in his hand and facing the

courtroom,” holding it at “shoulder-chest level” while court was in session. He was

told by that officer inside the courtroom to put his phone away.

 -7-
 STATE V. ELDRIDGE

 Opinion of the Court

 Defendant’s assertion on appeal that “[t]he more logical inference is that [he]

accidently turned his phone on and captured the video” is refuted by the evidence in

the record. The messages obtained from defendant’s Facebook account reveal that

defendant intended to livestream courtroom proceedings, notwithstanding prior

warnings and the courtroom policy on recording devices. One relevant post was as

follows: “Be prepared today for Trapp’s FB Live event in court. . . . I’m prepared to go

to jail for this by filming;” “If you can’t get in touch [with me] today[,] it’s because I

was put in jail.”

 It is evident that defendant had a clear understanding of the courtroom policy,

yet he willfully disregarded prior warnings and the posted policy by recording inside

the courtroom. His actions supported the trial court’s finding of criminal contempt,

therefore, defendant’s argument is overruled.

 III

 Lastly, defendant argues the trial court did not sentence him in accordance

with the law.

 “It has long been the accepted rule in North Carolina that within the limits of

the sentence authorized by law, the character and the extent of the punishment

imposed is within the discretion of the trial court and is subject to review only in cases

of gross abuse.” State v. Goode, 16 N.C. App. 188, 189, 191 S.E.2d 241, 241–42 (1972).

 -8-
 STATE V. ELDRIDGE

 Opinion of the Court

 “[A]s is the case with all offenses of a criminal nature, the punishment that

courts can impose therefor, either by fine or imprisonment, is circumscribed by law.”

Brower v. Brower, 70 N.C. App. 131, 133, 318 S.E.2d 542, 544 (1984). Section 5A-12,

indicates the trial court can censure, impose a sentence up to thirty days

imprisonment, and/or a fine not to exceed $500.00. N.C.G.S. § 5A-12(a). However,

“[t]he practice of suspending judgment upon terms prescribed has been sanctioned in

our courts for a long time[.]” State v. Everitt, 164 N.C. 399, 402, 79 S.E. 274, 275

(1913).

 “[T]he [trial] courts have control of their judgments in
 criminal cases, so far as to suspend the execution thereof
 on sufficient reason appearing. And if such suspension be
 had upon application of defendant, it constitutes no error
 of which he can take advantage. The [trial] courts will be
 presumed to have exercised such discretion in a proper
 case.”

Id. at 404, 79 S.E. at 276 (citation omitted).

 Section 15A-1343 of the North Carolina General Statues (“Conditions of

probation”) allows the trial court to “impose conditions of probation reasonably

necessary to insure that the defendant will lead a law-abiding life or to assist him to

do so.” N.C.G.S. § 15A-1343(a). “The [trial] court has substantial discretion in

devising conditions under this section.” State v. Harrington, 78 N.C. App. 39, 48, 336

S.E.2d 852, 857 (1985). Additionally, subsection (b1) states that the trial court may

require a defendant to comply with special conditions during probation including,

 -9-
 STATE V. ELDRIDGE

 Opinion of the Court

inter alia, “any other conditions determined by the [trial] court to be reasonably

related to [their] rehabilitation.” N.C.G.S. § 15A-1343(b1)(10).

 Here, the trial court sentenced defendant to be confined in the Macon County

Detention Center for thirty days. Defendant’s sentence was suspended for twelve

months, upon six specific conditions for him to meet during his probationary sentence:

1) serve an active sentence of 96 hours; 2) pay the costs of the action; 3) pay a fine of

$500.00; 4) draft a 2,000-3,000 word essay on the following subject: “Respect for the

Court System is Essential to the Fair Administration of Justice,” forward the essay

to Judge Coward for approval, and following approval, post the essay on all social

media or internet accounts that defendant owns or controls or acquires hereafter

during his period of probation and attributed to defendant, without negative comment

or other negative criticism by defendant or others, during said period of probation; 5)

not violate any order of Court or otherwise engage in further contemptuous behavior;

and, 6) not attend “any court session in Judicial District 30A unless and until his

essay has been approved and posted as required herein and he has fully complied

with all other provisions of this order.”

 Despite defendant’s argument that his sentence was “contrary to law,” he cites

to no authority in support of that argument. We also note that defendant does not

argue that the trial court abused its discretion so as to require that his sentence be

set aside. Nevertheless, we acknowledge the trial court’s “substantial discretion” in

 - 10 -
 STATE V. ELDRIDGE

 Opinion of the Court

deciding whether special conditions reasonably fit within defendant’s sentence. See

State v. Johnston, 123 N.C. App. 292, 305, 473 S.E.2d 25, 33 (1996) (upholding a

special condition prohibiting the defendant, convicted for disseminating obscene

materials, from working in any retail establishment that sold sexually explicit

material).

 Given defendant’s questionable and intentional conduct, his frequent visits to

the courtroom, and his direct willingness to disobey courtroom policies, we discern no

abuse of discretion in the trial court’s decision to impose conditions on defendant’s

probationary sentence. Such conditions are reasonably related to the necessity of

preventing further disruptions of the court by defendant’s conduct, and the need to

provide accountability without unduly infringing on his rights. Thus, because there

is sufficient evidence that the trial court properly exercised its authority, we overrule

defendant’s argument. The trial court’s order is

 AFFIRMED.

 Judge TYSON concurs.

 Judge BROOK concurs in part, dissents in part, with separate opinio

 - 11 -
 No. COA19-370 – State v. Eldridge

 BROOK, Judge, concurring in part and dissenting in part.

 I fully join the portions of the majority opinion holding that the trial court did

not abuse its discretion in denying Defendant’s motion for recusal and that competent

evidence supported the trial court’s finding that Defendant was in criminal contempt

of the court’s orders against using recording devices in the courtroom. However, I

respectfully dissent from the portion of the majority opinion finding no error in the

sentence imposed by the trial court. The probation condition imposed by the trial

court requiring Defendant to write and publish an essay about respect for the

courtroom on his social media and internet accounts and to delete any negative

comments made by third-parties on this essay bears no reasonable relationship to

Defendant’s rehabilitation or to his crime and raises serious First Amendment

concerns.

 Generally speaking, a sentencing judge “may impose conditions of probation

reasonably necessary to insure that the defendant will lead a law-abiding life or to

assist him to do so.” N.C. Gen. Stat. § 15A-1343(a) (2017). “In addition to the regular

conditions of probation[,] . . . the court may, as a condition of probation, require that

during the probation the defendant comply with one or more . . . special conditions[.]”

Id. § 15A-1343(b1). A sentencing judge enjoys “substantial discretion” to devise and

impose special conditions of probation, State v. Harrington, 78 N.C. App. 39, 48, 336
 STATE V. ELDRIDGE

 BROOK, J., concurring in part and dissenting in part

S.E.2d 852, 857 (1985), but these conditions must still be “reasonably related to [the

defendant’s] rehabilitation,” N.C. Gen. Stat. § 15A-1343(b1)(10). As this Court has

observed,

 [t]he extent to which a particular condition of probation is
 authorized by N.C. Gen. Stat. § 15A-1343(b1)(10) hinges
 upon whether the challenged condition bears a reasonable
 relationship to the offenses committed by the defendant,
 whether the condition tends to reduce the defendant’s
 exposure to crime, and whether the condition assists in the
 defendant’s rehabilitation.

State v. Allah, 231 N.C. App. 88, 98, 750 S.E.2d 903, 911 (2013). Finally, “any

condition which violates defendant’s constitutional rights is per se unreasonable and

beyond the power of the trial court to impose.” State v. Lambert, 146 N.C. App. 360,

369, 553 S.E.2d 71, 78 (2001).

 Our review of an invalid special condition of probation is preserved by statute.

Under N.C. Gen. Stat. § 15A-1342(g), “[t]he failure of a defendant to object . . . at the

time such a condition is imposed does not constitute [] waiver of the right to object at

a later time[.]” N.C. Gen. Stat. § 15A-1342(g) (2017). Although the Supreme Court

has interpreted the phrase “at a later time” in N.C. Gen. Stat. § 15A-1342(g) to “refer

to the revocation hearing,” rather than extending to challenges “for the first time at

the appellate level,” State v. Cooper, 304 N.C. 180, 183-84, 282 S.E.2d 436, 439

 2
 STATE V. ELDRIDGE

 BROOK, J., concurring in part and dissenting in part

(1981),1 our Court has held that where the defendant challenges the validity of a

special condition of probation on direct appeal from the ensuing judgment, prior to

any revocation hearing, N.C. Gen. Stat. § 15A-1342(g) preserves the challenge, Allah,

231 N.C. App. at 96, 750 S.E.2d at 910.

 While I agree with the majority that the sentencing judge’s decision to require

Defendant, who violated multiple court orders by recording and livestreaming

courtroom proceedings on social media, to write an essay about respect for the

courtroom and publish this essay on his social media and internet accounts bears a

reasonable relationship to Defendant’s criminal contempt of court, and to his

rehabilitation for this crime, I do not agree that requiring Defendant to monitor

comments made on this essay by third-parties and delete any comments the court

might consider critical bears a reasonable relationship to Defendant’s crime or to his

rehabilitation, as N.C. Gen. Stat. § 15A-1343 requires. “[T]rial courts have the

discretion to devise and impose special conditions of probation other than those

specified in N.C. Gen. Stat. § 15A-1343(b1),” however, “N.C. Gen. Stat. § 15A-

1343(b1)(10) ‘operates as a check on the discretion available to trial judges’ during

 1 The Supreme Court’s observation in Cooper about the meaning of the phrase “at a later time”
in N.C. Gen. Stat. § 15A-1342(g) was made in the context of an appeal from a probation revocation
where the challenge to the condition was not raised at the revocation hearing but was instead being
raised for the first time on appeal from the revocation hearing. Cooper, 304 N.C. at 183, 282 S.E.2d at
439 (“[D]efendant cannot relitigate the legality of a condition of probation unless he raises the issue
no later than the hearing at which his probation is revoked.”). Cooper thus simply stands for the
proposition that collateral attack of a special condition of probation on appeal from a violation of
probation where the special condition is not challenged at the revocation hearing is not statutorily
preserved by N.C. Gen. Stat. § 15A-1342(g).

 3
 STATE V. ELDRIDGE

 BROOK, J., concurring in part and dissenting in part

that process.” Id. at 98, 750 S.E.2d at 911 (quoting Lambert, 146 N.C. App. at 367,

553 S.E.2d at 77). Although the decision of a sentencing judge to impose a special

condition of probation is reviewed for an abuse of discretion, id., “statutory errors

regarding sentencing issues . . . are questions of law, and as such, are reviewed de

novo.” State v. Allen, ___ N.C. App. ___, ___, 790 S.E.2d 588, 591 (2016) (internal

marks and citation omitted). As noted previously, whether the reasonable

relationship requirement under N.C. Gen. Stat. § 15A-1343(b1)(10) is met depends

on “whether the [] condition bears a reasonable relationship to the offense[]

committed . . . [or] assists in the defendant’s rehabilitation.” Allah, 231 N.C. App. at

98, 750 S.E.2d at 911.

 The condition imposed by the sentencing judge requiring Defendant to

monitor comments made on the essay and delete any the court might consider critical

is not reasonably related to Defendant’s willful violation of the court’s orders against

using recording devices in the courtroom, nor does it bear a reasonable relationship

to his rehabilitation from his past willful disobedience of court orders. It holds

Defendant responsible for what is essentially the behavior of others; and while there

is some truth to the adage that we are only as good as the company we keep, the

relevant community in this context is incredibly diffuse, extending through

cyberspace. The lack of reasonable relationship between Defendant’s crime and his

rehabilitation to the requirement that he monitor comments made on the essay and

 4
 STATE V. ELDRIDGE

 BROOK, J., concurring in part and dissenting in part

delete any critical comments violates the statutory requirement contained in N.C.

Gen. Stat. § 15A-1343(b1)(10). My vote therefore is to vacate this condition of his

probation.

 Our Court has a “settled policy” of avoiding constitutional questions “when a

case can be disposed of on appeal without reaching the constitutional issue[.]”

Lambert, 146 N.C. App. at 368, 553 S.E.2d at 77. Because I vote to vacate the

condition of probation requiring Defendant to delete negative comments on the essay,

I do not delve deeply into what I consider deeply troubling constitutional problems

with this condition of probation. Although we generally do not review constitutional

questions that have not first been raised in the trial court, see State v. Goldsmith, 187

N.C. App. 162, 167, 652 S.E.2d 336, 340 (2007), suffice it to say that the sentencing

judge has not only compelled Defendant to speak within the meaning of the First

Amendment, he has compelled Defendant to then continue speaking by censoring the

viewpoints of others expressed in response to speech compelled by the court. This

compelled speech silencing third-party viewpoints expressed in response to compelled

speech raises serious First Amendment concerns.

 Thus, while I join the portions of the majority opinion holding that there was

no abuse of discretion by the trial court in denying the motion to recuse and that

competent evidence supported the court’s finding of criminal contempt, I vote to

vacate the condition of Defendant’s probation requiring him to delete negative

 5
 STATE V. ELDRIDGE

 BROOK, J., concurring in part and dissenting in part

comments made by others on social media and the internet. I otherwise find no error

in the sentence imposed by the trial court.

 6